UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSHWA AARON WINTRODE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>TWIN FALLS COUNTY JAIL ADMINISTRATION and IVY MEDICAL,<br><br>　　　　　　　Defendants. | Case No. 1:24-cv-00168-DCN<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　　Plaintiff is proceeding pro se and in forma pauperis in this civil rights action. At the time Plaintiff filed this action, he was a pretrial detainee in the Twin Falls County Jail.

　　　　The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 6.

　　　　Plaintiff has now filed an Amended Complaint. Dkt. 8. The Court retains its screening authority under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).

　　　　Having reviewed the Amended Complaint, the Court concludes that Plaintiff has failed to remedy the deficiencies in the initial complaint, and the Court will dismiss this case pursuant to 28 U.S.C. §§ 1915 and 1915A.

SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE - 1

1.  **Request for Appointment of Counsel**

Plaintiff seeks appointment of counsel. *Am. Compl*. at 3. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate the claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*. Further, an attorney cannot be forced to represent an indigent litigant in a civil case—rather, the attorney can only be "appointed" if she voluntarily accepts the appointment. *See Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono.").

The legal issues in this matter are not complex, and Plaintiff has been able to file documents with the Court and protect Plaintiff's interests to date. In addition, as explained below, the Amended Complaint fails to state a claim upon which relief may be granted;

therefore, Plaintiff does not have a likelihood of success on the merits. Accordingly, the Court will deny Plaintiff's request for appointment of counsel.

2. **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

3. **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Plaintiff reasserts his allegations that the jail was overcrowded, with as many as 19 inmates held in a dorm intended for 12 inmates. *Am. Compl*. at 2. Plaintiff claims this overcrowding caused him to contract fungal infections on his feet and to suffer anxiety. Plaintiff states there were also "altercations" between inmates. *Id*.

Specifically, Plaintiff states he was housed with a mentally ill inmate who "was talking to 4 other people that were not there about killing" Plaintiff. *Id*. at 4. The inmate was then caught fashioning a knife from a comb. Unidentified jail deputies told Plaintiff the inmate would be moved "momentarily," but the inmate was not moved until eight hours later. Plaintiff spoke to several deputies about this, and after the other inmate was moved, non-Defendant Deputy Marshall "profusely apologized and told [Plaintiff] that the other[] [deputies] and [the jail] administration should have moved [the inmate] immediately." *Id*. at 4–5. For those eight hours, Plaintiff lived in fear for his life. *Id*. at 5.

Plaintiff also asserts that he has medical conditions that were not properly treated while he was detained. Though Plaintiff states that none of his medical and mental health issues was "ever actually addressed[] or treated in any way," he also acknowledges that he was "taken to see the doctor once a month." *Id*. at 7.

Plaintiff sues Twin Falls County Jail Administration and Ivy Medical, the private company providing medical care to inmates under contract with Twin Falls County. Plaintiff cites the Fifth, Eighth, and Fourteenth Amendments as the bases for his claims, and he seeks only monetary damages. *Am. Compl*. at 2.

The only constitutional provision applicable to Plaintiff's claims is the Due Process

Clause of the Fourteenth Amendment,[1] which is violated when pretrial jail conditions amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). When an inmate sues entity defendants like Twin Falls County and Ivy Medical, the plaintiff must plausibly allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains, as required by *Monell v. Department of Social Services of New York*, 436 U.S. 658, 694 (1978). *See also Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (applying *Monell* to private entities performing a government function). A *Monell* claim requires the plaintiff to establish that the defendant entity had a "permanent and well settled practice," which amounted to deliberate indifference to the plaintiff's constitutional rights. Monell, 436 U.S. at 691; *see also Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

The Amended Complaint does not plausibly allege that either Twin Falls County or Ivy Medical had a policy, custom, or practice of subjecting pretrial detainees to conditions that amount to punishment. Therefore, the Amended Complaint is subject to dismissal.

Additionally, though Plaintiff's having to share a cell for eight hours with an inmate who talked about killing him is tragic, mental or emotional injury alone does not support a constitutional claim. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the

---

[1] The Due Process Clause of the Fifth Amendment applies to federal actors, and Plaintiff has not named any such actors as Defendants. The Eighth Amendment applies only to convicted prisoners, not pretrial detainees like Plaintiff.

commission of a sexual act.").

For the foregoing reasons, the Amended Complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

**4.      Conclusion**

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint with prejudice and without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

///


///


///


///


///

**ORDER**

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 9) is GRANTED.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 6), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: November 13, 2024

_____
David C. Nye
Chief U.S. District Court Judge